# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>v.<br>CHAD LEE ENGEL,<br>    Defendant. | Case No.: 17-cr-03401-JLS-1<br><br>**ORDER** |

Upon Defendant's request, good cause appearing thereof, and over the objection of the United States, IT IS HEREBY ORDERED that:

1. The currently scheduled Jury Trial on November 29, 2021 is vacated, and reset to May 31, 2022;
2. A motion hearing date is scheduled for March 4, 2022 at 2:00 p.m.;
3. A motion *in limine* hearing shall be held on May 13, 2022 at 2:00 p.m.; and
4. Time shall be excluded under the Speedy Trial Act under 18 U.S.C. §§ 3161, (h)(1)(D), and (h)(7)(A) from today, October 18. 2021, until the trial date of May 31, 2022 based on the following findings:
   a. There are unresolved motions *in limine* pending before the Court under ECF Nos. 146;
   b. On September 28, 2021, the Court was informed through email that Defendant retained new counsel, Mr. John J. Rice, and wanted to replace his previously retained counsels, Mr. Jan Ronis and Ms. Gretchen C. Von Helms;

    c. The Court heard Defendant's oral request on October 4, 2021 and granted Mr. Rice leave to substitute as Defendant's attorney of record. Based on observations of this Court, Defendant's request to substitute his attorney was knowing and intelligent. Defendant filed a written motion seeking to substitute his attorney on October 5, 2021. The Court granted Defendant's motion on October 7, 2021;

    d. Since October 4, 2021, the United States has provided a significant amount of discovery to Mr. Rice to review in order to assess whether he can be ready for trial on November 29, 2021, and adequately represent Defendant;

    e. On October 18, 2021, defense counsel Mr. Rice represented to the Court that he needs more time to prepare for trial, and cannot be adequately prepared for trial by November 29, 2021;

    f. Mr. Rice indicated that a continuance to May 31, 2022 would provide him an adequate amount of time to prepare for trial;

    g. A denial of Defendant's request for the continuance would deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence; and

    h. The ends of justice served by granting Defendant's continuance request outweigh the best interest of the public and Defendant in a speedy trial.

IT IS SO ORDERED.

Dated: October 19, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge